## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1456

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF
STANWICH MORTGAGE LOAN TRUST A

VERSUS

GWENDOLYN ANN DENDIGER DAVIS A/K/A GWENDOLYN
ANN DENDIGER DAVIS PENNY AND CHARLES PENNY

*DATE OF JUDGMENT:*  ⌐JUL 2 9 2022

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT,
PARISH OF ST. TAMMANY, STATE OF LOUISIANA
NUMBER 2016-13393, DIVISION H

HONORABLE ALAN A. ZAUNBRECHER, JUDGE

* * * * * *

Ashley L. Cutler
Monroe, Louisiana

Counsel for Plaintiff-Appellee
Wilmington Savings Fund Society,
FSB, as Trustee of Stanwich Mortgage
Loan Trust A

P. David Carollo
Slidell, Louisiana

Counsel for Defendants-Appellants
Gwendolyn Ann Dendiger Davis
And Charles Penny

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Disposition: APPEAL DISMISSED; REMANDED.

GH Holdridge J. concurs in the result

**CHUTZ, J.**

In this suit to enforce a security interest, appellants-defendants, Gwendolyn Ann Dendinger Davis[1] and Charles Penny (defendants), appeal a summary judgment granted in favor of appellee-plaintiff, Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A (FSB).

## FACTS AND PROCEDURAL HISTORY

On November 17, 2004, defendants executed a home equity line of credit agreement in the principal amount of $50,000.00 with Hibernia National Bank, together with a mortgage on immovable property to secure the line of credit. Beginning on April 1, 2015, defendants failed to make the required monthly payments. On August 15, 2016, Capital One, N.A.[2] filed a petition to enforce its security interest (mortgage) by ordinary process. Capital One requested judgment in the unpaid principal amount of $48,248.36, plus interest as provided in the agreement, and a declaration that the mortgage executed by defendants was enforceable.

On January 25, 2019, Capital One filed an *ex parte* motion to substitute FSB as party plaintiff in this matter. In its motion, Capital One averred that all of its rights under the line of credit and mortgage sought to be enforced herein had been transferred to FSB by assignment. The district court signed an order on February 5, 2019, substituting FSB as party plaintiff in lieu of Capital One and ordering the caption in this matter to be changed to reflect the substitution. Subsequently, FSB filed a motion for summary judgment alleging there were no genuine issues of fact and it was entitled to judgment as prayed for in the original petition. Defendants opposed the motion for summary judgment, arguing that under La. C.C.P. art. 561,

---

[1] Ms. Davis is sometimes referred to as Gwendolyn Ann Dendinger Davis Penny.

[2] Hibernia National Bank and Capital One, N.A. are not two separate entities. Rather, Capital One asserted the name of the entity was changed from Hibernia National Bank to Capital One, N.A. on or about April 24, 2006.

the suit had been abandoned since no steps were taken in the prosecution of the matter for over three years.

At the conclusion of the motion hearing, the district court orally granted FSB's motion for summary judgment. In its November 24, 2020 written judgment in favor of FSB and against defendants, the district court ordered that the mortgage on defendants' immovable property securing the debt at issue was recognized and declared to be enforceable in accordance with law, with priority over all inferior encumbrances. Additionally, the district court ordered the defendants to pay the following amounts to FSB: (1) principal of $48,248.36, with interest of $7,565.41 through July 29, 2020, and thereon at variable rates, until paid; ( 2) the following amounts accrued through July 29, 2020: advances of $3,914.57 for the payment of taxes and insurance, inspections of $346.00, previous servicer fees of $796.36, and any such additional amounts accruing thereafter through the date of sale; (3) all expenses incurred in enforcing the note and mortgage including reasonable attorney's fees as provided for by the note and mortgage; and (4) all law charges, costs, fees, and expenses including sheriff's commission.

Defendants now appeal, arguing in a single assignment of error that the district court erred in failing to find this matter was abandoned within the meaning of La. C.C.P. art. 561.

## DISCUSSION

Appellate courts have a duty to examine their subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. A valid judgment must be precise, definite, and certain. *Advanced Leveling & Concrete Sols. v. Lathan Company, Inc.*, 17-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046. In addition to naming the parties in favor of and against whom the ruling is ordered, a final judgment must state the relief that is granted or denied. Moreover, the specific relief granted should

3

be determinable from the judgment without reference to extrinsic sources. *Advanced Leveling & Concrete Solutions*, 268 So.3d at 1046. To be legally enforceable as a valid judgment, a third person should be able to determine from the judgment the specific nature and precise amount of damages owed without reference to other documents. *Wachovia Mortgage Corporation v. Hoover*, 19-1520 (La. App. 1st Cir. 9/21/20), 314 So.3d 42, 45; *Id.*

In this matter, the judgment awards FSB $48,248.36 for the unpaid principal owed by defendants, as well as specific amounts accrued through July 29, 2020, for the payment of taxes and insurance ($3,914.57), inspections ($346.00) and previous servicer fees ($796.36). Additionally, the judgment also awards interest on the principal amount of $48,248.36 from July 30, 2020, until paid "at variable rates," "any such additional amounts accruing thereafter through the date of sale," "all expenses incurred in enforcing the note and mortgage," and "all ... fees" without delineating any specific amounts or interest rates to be applied. These awards for interest "at variable rates," "any such additional amounts," "all expenses incurred," and "all ... fees" are not precise, definite, or certain. See *U.S. Bank National Association as Trustee for RFMSI 2005S7 v. Dumas*, 21-0585 (La. App. 1st Cir. 12/22/21), ____ So.3d ____, 2021 WL 6069038, at *3 (a judgment that awards the costs of additional expenses yet to be calculated is not a final judgment subject to appellate jurisdiction); *Wachovia Mortgage Corporation v. Hoover*, 314 So.3d at 45 (the entire judgment was rendered non-appealable by indefinite awards for "additional amounts accruing thereafter," "all expenses," and "fees" that could not be determined from the judgment). The precise amount of the awards or the appliable interest rates cannot be determined from the judgment herein without reference to extrinsic sources. A judgment that awards a sum to which the costs of additional expenses - yet to be fixed - must be added is not a final appealable judgment. See *Id.* Accordingly, the judgment in the instant case is not a final

4

judgment over which this court has appellate jurisdiction. Further, the judgment does not fall within any category of partial judgments immediately appealable under La. C.C.P. art. 1915(A) and also lacks a certification that it is immediately appealable pursuant to La. C.C.P. art. 1915(B).[3] Thus, there is no final appealable judgment before us, and this court lacks subject matter jurisdiction.[4]

## CONCLUSION

For these reasons, the defendants' appeal of the district court's November 24, 2020 judgment is dismissed, and this matter is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are assessed to defendants, Gwendolyn Ann Dendinger Davis and Charles Penny.

**APPEAL DISMISSED; REMANDED.**

---

[3] On March 11, 2022, this court issued an interim order remanding this matter to the district court for the limited purpose of inviting the district court to advise whether the judgment at issue warranted a La. C.C.P. art. 1915(B) designation, inviting the district court to sign a judgment with a La. C.C.P. art. 1915(B) designation, and/or inviting the district court to provide a *per curiam* giving reasons for its determination in the event the district court signed a judgment with a La. C.C.P. art. 1915(B) designation. In response to the interim order, the district court issued a *per curiam* on April 1, 2022, stating, without further reasons, that it had "determined that the judgment does not warrant or need the [La. C.C.P.] article 1915(B) designation."

[4] While this court has discretion to convert an appeal to an application for supervisory writs, it may do so only if the appeal would have been timely had it originally been filed as a supervisory writ application within the thirty-day period allowed under Uniform Rules--Courts of Appeal, Rules 4--2 and 4-3. *U.S. Bank National Association as Trustee for RFMSI 2005S7*, 2021 WL 6069038, at *4. In this case, notice of the November 24, 2020 judgment was mailed to the parties on December 3, 2020, and the motion for appeal was filed on January 27, 2021. Because the motion for appeal was not filed within thirty days of the notice of judgment, it cannot be considered a timely filed application for supervisory writs under Uniform Rules--Courts of Appeal, Rule 4--3. Accordingly, we decline to convert this appeal to an application for supervisory writs.